# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA D. SKELLY,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION; FEDERAL STUDENT AID COMMISSION; FEDLOAN SERVICING,<br><br>Defendants. | Case No.: 17cv1738-MMA (NLS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**SUA SPONTE DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2); AND**<br><br>**DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 3] |

Plaintiff Marsha D. Skelly, proceeding *pro se*, has filed the instant action against Defendants U.S. Department of Education, Federal Student Aid Commission, and FedLoan Servicing. *See* Doc. No. 1. Plaintiff also moves for leave to proceed in this action *in forma pauperis* ("IFP"), and moves for appointment of counsel. *See* Doc. Nos. 2, 3.

//

1

**MOTION FOR LEAVE TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). Plaintiff's IFP application details her net monthly income and her monthly expenses, with her net monthly expenses exceeding her net monthly income. Based thereon, the Court concludes that Plaintiff should be allowed to proceed IFP pursuant to 28 U.S.C. § 1915(a) because her submission demonstrates that she lacks the financial resources to pay the costs of commencing this action. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP. *See* Doc. No. 2.

**SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)**

*A.     Legal Standard*

When a plaintiff proceeds IFP, the complaint is subject to mandatory screening and the Court must order the *sua sponte* dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In addition, the Court has a duty to liberally construe a *pro se* plaintiff's pleadings. *See id*. In giving liberal interpretation to a *pro se* complaint, however, the

court may not "supply essential elements of claims that were not initially pled." *See Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

### B. Analysis

Plaintiff Marsha Skelly states that she incurred $16,000 in debt by way of federally guaranteed student loans while she was obtaining a Bachelor of Science degree while in college from 1983 until 1988. Plaintiff states that due to physical ailments, she was rendered unable to work, and applied for social security disability benefits in 1994. She states that she also filed for Chapter 7 Bankruptcy, and some of her debts were discharged as a result of those proceedings. The Complaint also alleges that Plaintiff believed that she was no longer required to make payments on her outstanding student loans, but that the "[United States Department] of Education and Treasury persisted to hound [her] for decades." *See* Doc. No. 1. Plaintiff alleges that "treasury offsets began + ended in 2010," then began again for a period in 2013, and then recently began again in 2017. *See* Doc. No. 1. Plaintiff states that "it is [her] sincere belief that [she is] entitled to forgiveness of this debt due to extreme financial hardship." *See* Doc. No. 1. Plaintiff requests that the Court enjoin any future attempts at collecting Plaintiff's debt and order full reimbursement and refund of certain treasury offsets which were "involuntarily collected from [Plaintiff's] social security benefits and IRS refunds." *See* Doc. No. 1.

While the Court is sympathetic to Plaintiff's circumstances, the Court is unaware of any authority that would allow the Court to forgive Plaintiff's debts under the

circumstances described in her Complaint, and Plaintiff does not cite to any. Further, Plaintiff's Complaint lacks a cognizable legal theory of liability or right to relief. Plaintiff only seeks injunctive relief. "As a general matter, 'declaratory and injunctive relief are not causes of action; rather, they are remedies.'" *Mendez v. Selene Fin. LP*, No. 216CV09335ODWFFM, 2017 WL 1535085, at *5 (C.D. Cal. Apr. 27, 2017) (quoting *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010)); *see also Tater-Alexander v. Cty. of Fresno*, No. 1:10CV01050-AWI-SMS, 2010 WL 2555185, at *3 (E.D. Cal. June 18, 2010) (stating that a request for injunctive relief "is not a cause of action but a form of relief to which Plaintiff may be entitled based on his establishing one or more cognizable claims").

Moreover, Plaintiff's complaint does not adequately provide a basis for the Court's subject matter jurisdiction over this action. Because federal courts are courts of limited jurisdiction, it is presumed that federal courts do not have jurisdiction unless the party asserting jurisdiction demonstrates otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Without subject matter jurisdiction, a federal court is without "power" to hear or adjudicate a claim. *See Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998)); *Kokkonen*, 511 U.S. at 377. For this reason, "[w]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity of citizenship between the parties, *see* 28 U.S.C. § 1332. A federal question is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, the existence of a federal question must appear "on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction exists where a plaintiff has pled (1) the amount in controversy exceeds $75,000, and (2) no plaintiff is a citizen of the same state as any

defendant. *See* 28 U.S.C. § 1332. Plaintiff's Complaint does not indicate that the Court has federal question jurisdiction over this action because it does not delineate any cognizable causes of action. Also, the Complaint does not indicate that the Court would have diversity jurisdiction over this action, as Plaintiff only seeks reimbursement of approximately $7,000, and her original debt amounted to $16,000.

Lastly, the United States may not be sued unless it has waived its sovereign immunity. *See Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). "Sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts." *Id.* Courts may not imply the government's waiver; rather, the government must have unequivocally expressed it. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The Complaint does not indicate that the United States has waived its sovereign immunity in these circumstances.

As such, despite liberally construing Plaintiff's pleadings, the Court finds Plaintiff fails to state a claim for relief.

### CONCLUSION

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's motion to proceed IFP;
2. **DISMISSES** Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B) as set forth above;
3. **DENIES** Plaintiff's motion for appointment of counsel as moot and without prejudice.

The Court further **ORDERS** that Plaintiff file an amended complaint, if any, on or before **September 18, 2017**. Any amended Complaint must be complete without reference to the superseded pleading. *See* S.D. Cal. Civ. L.R. 15.1(a). **IT IS SO ORDERED**.

DATE: August 31, 2017

_____
HON. MICHAEL M. ANELLO
United States District Judge